UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:23-cr-13-KKM-CPT

*Ex Parte & Under Seal*

MICHAEL LUCAS AMBROSE

_____/

### SUPPLEMENTAL MEMORANDUM OF LAW ON EX PARTE APPLICATION FOR A SUBPOENA

This memorandum responds to the Court's concern, voiced at the June 13, 2023, ex parte hearing on his application for a subpoena duces tecum. At issue is whether the requested materials, which include communications from the Government to Snap Inc. relating to Snap's use of end-to-end encryption, and internal Snap documents related to the same, are hearsay. The requested material is not inadmissible hearsay, for three reasons.

First, the Rules of Evidence, other than the rules on privilege, are inapplicable at a suppression hearing. *United States v. Matlock*, 415 U.S. 164, 175 (1974); *United States v. de la Fuente*, 548 F.2d 528, 532-33 (5th Cir. 1977) (citing *Matlock*, 415 U.S. at 175); *see* Fed. R. Evid. 104(a); Fed. R. Evid. 1101(d)(1).

Second, the communications from the Government to Snap are likely not hearsay. "Hearsay" is a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The communications sought include any in

which the Government requested Snap to desist in its use of end-to-end encryption. An order, directive, or request "is not capable of being true or false, and thus not offered for the truth of any matter asserted. It is offered solely for the fact that the statement was made . . . ." *United States v. Keane*, 522 F.2d 534, 558 (7th Cir. 1975). Further, the purpose for which the communications would be offered at the suppression hearing is not for the truth of any fact asserted within the communication, but rather to show that the Government influenced Snap, a purpose sometimes called "effect on the listener." *See United States v. Wellendorf*, 574 F.2d 1289, 1290 (5th Cir. 1978); *United States v. Hawkins*, 905 F.2d 1489, 1495 (11th Cir. 1990); *United States v. Bright*, 630 F.2d 804, 815 & n.18 (5th Cir. 1980); *Benford v. Richards Medical Co.*, 792 F.2d 1537, 1540 (11th Cir. 1986); *United States v. Cancelliere*, 69 F.3d 1116, 1123 (11th Cir. 1995); *United States v. Jiminez*, 564 F.3d 1280, 1288 (11th Cir. 2009); *United States v. Elysee*, 993 F.3d 1309, 1338 (11th Cir. 2021).

Third, the requested materials, even if hearsay, are subject to the business-records exception. That exception applies to "a record of an act, event, condition, opinion, or diagnosis if":

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;

> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Here, both categories of evidence – communications from the Government to Snap kept by Snap and internal communications or documents maintained by Snap – are subject to the business-record exception. Snap's copies of communications from the Government are records of an event or act (the receipt of the communication), made at or near the time of the communication's receipt by a person with knowledge (the recipient of the communication or Snap generally), kept in the regular course of Snap's business, and as Snap's regular practice. All of this may be shown through certification or the testimony of a custodian of records at Snap, and no circumstance indicates a lack of trustworthiness. Copies of the communications thus meet each of the requirements for the exception.

Similarly, internal Snap documents would meet the business-record exception's requirements. To illustrate, suppose Snap held a meeting at which it came to a decision on whether to maintain or discontinue end-to-end encryption, and kept minutes of the meeting, as it usually does. The minutes would be a record of the meeting made at or near the time of the meeting by a participant at the meeting,

and the creation and keeping of the minutes was a regular practice of Snap. The documents are therefore excepted from the bar on hearsay.

Lastly, this Court should not hold Mr. Ambrose to a standard requiring a high degree of certainty that all of the documents that *could be responsive* to the subpoena as drafted are admissible. As the Supreme Court explained in *United States v. Nixon*, 418 U.S. 683, 700 (1974), because the applicant for a subpoena duces tecum can never fully describe the requested documents before receiving them, he need only show at the issuance stage a "sufficient likelihood" or "rational inference" that the requirements of relevance and admissibility are met. If, as it turns out, any given document or category of documents responsive to the subpoena is not admissible (an unlikely scenario given the relaxed standard applicable at the hearing under *Matlock*), Snap may move to quash or modify after being served the subpoena. *See* Fed. R. Crim. P. 17(c)(2). But, at the issuance stage, neither the Court nor Mr. Ambrose can know with complete certainty what material Snap has. The subpoena is designed to turn up admissible evidence and Mr. Ambrose has shown a "sufficient likelihood" that it will, under *Nixon*. This Court should demand no more than that.

DATED this 21st day of June 2023.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER

*/s **Samuel E. Landes**        *

Samuel E. Landes, Esq.
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email:  Samuel_Landes@fd.org